WALKER *v.* STATE.

(Division A. March 6, 1933.)

[146 So. 463. No. 30172.]

Harry Buchanan, of Hattiesburg, for appellant.

Herbert Nunnery, Assistant Attorney-General, for the state.

**Cook, J.,** delivered the opinion of the court.

The appellant, Clarence Walker, was convicted in the circuit court of Forrest county, on a charge of unlawfully having in his possession intoxicating liquor, and was sentenced to pay a fine of two hundred fifty dollars, and serve ninety days in jail; and from this conviction and sentence he prosecuted this appeal.

D. E. Edwards, a policeman of the city of Hattiesburg, appeared before a justice of the peace and made an affidavit in statutory form for a warrant for the search of the "dwelling house, outhouses, and premises at house No. 912 West Pine street, used and occupied by Clarence Walker in said city, county, and state." Upon the filing of this affidavit, the justice of the peace issued a warrant for the search of the premises described in the affidavit; this warrant being also in statutory form. The following day the said Edwards, accompanied by other officers, started to the house described in said warrant, for the purpose of searching the house. Some one of the officers suggested that one Jess Easterling lived in the house, but in a separate apartment therein, and it was then decided that it would be necessary and desirable to have the name of the said Easterling entered on the face of the warrant; and thereupon the officers proceeded to the home of the justice of the peace and secured his permission to add the name of Easterling as an occupant of the house, which was done by the affiant Edwards, thus making the description of the premises read as follows: "Dwelling house, outhouses, and premises at house No. 912 West Pine street, used and occupied by Clarence Walker and Jess Easterling." At that time the affidavit was not available, being at the office of the justice of the peace, and it was not changed until the day following

the search, when the name of Jess Easterling was added thereto to make it accord with the change in the warrant.

After the change in the said warrant, the officers proceeded to the house described therein, and, in the presence of appellant and his wife, searched his apartment and premises and discovered more than twenty-four gallons of whisky concealed in a closet under a stairway adjacent to the rooms occupied by appellant and his wife. The door to this closet was closed, and had an oil cooking stove sitting against it. When the officers started to remove this stove, the appellant's wife placed herself between them and the stove, and ordered them not to go into the closet. When she did that the appellant was standing eight or ten feet away, within hearing distance, but he said nothing and made no protest.

The affidavit and the search warrant, as originally issued, were in statutory form, and sufficiently described the premises to be searched, and the only objection to the warrant that merits any discussion is the contention that the addition thereto of the name of Jess Easterling, as an occupant of the house to be searched, constituted such a variance between the affidavit and warrant as to render the warrant invalid, and the search made thereunder unlawful, thereby rendering the evidence secured by the means of the search inadmissible. The affidavit and warrant were in all respects regular and valid when issued, and so far as the appellant, the alleged occupant of the building, was concerned, the addition of the name of another alleged occupant of the building did not destroy its validity or affect the right to search the premises described therein, and occupied by the appellant. If the apartment or premises of the said Easterling had been searched under this warrant, and the admissibility against him of evidence secured thereby were involved, a different question would be presented. But the name inserted in said warrant was mere surplusage in so far as the rights of the appellant were con-

cerned, and the lawfulness of the search thereunder of his apartment and premises was in no way affected by said addition.

The appellant offered no evidence, and, upon the evidence offered by the state, the court below committed no error in refusing the peremptory instruction requested by him. The evidence supports the verdict, and none of the assignments present reversible error; consequently, the judgment of the court below will be affirmed.